IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANICE LA RIVIERE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 12-1126-GPM** |
| ) | |
| **BOARD OF TRUSTEES OF SOUTHERN** ) | |
| **ILLINOIS UNIVERSITY** Governing ) | |
| Southern Illinois University Edwardsville**, and** ) | |
| **KENNETH NEHER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed this complaint on October 25, 2012, claiming her rights under Title VII of the Civil Rights Act of 1964, the Illinois Civil Rights Act of 2003, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 has been violated owing to racial discrimination and retaliation (Doc. 2). Her initial complaint was filed within the 90-day period after receipt of her EEOC right-to-sue letter, which she received on October 11, 2012 (Doc. 2, p. 3). An amended complaint with further details of Defendants' alleged discriminatory conduct was filed February 7, 2013 (Doc. 5). On March 5, 2013, Defendant Board of Trustees of Southern Illinois University ("Trustees") filed a motion to dismiss Plaintiff's § 1983 claim and her claim for punitive damages (Docs. 10, 11). Plaintiff did not file a response to that motion, and the Court granted the motion to dismiss those claims (Doc. 19). That left only Plaintiff's § 1983 claim against Defendant Neher and her Title VII and § 1981 claims against both Defendants. Plaintiff was, however, given leave to file her second amended

complaint, which she did on April 16, 2013 (Doc. 20), adding a claim against both Defendants for violation of the Illinois Civil Rights Act. Defendant Neher then filed a motion to dismiss the Title VII and Illinois Civil Rights Act claims against him (Docs. 25, 26). Plaintiff did not respond to the motion to dismiss, instead filing another motion to amend the complaint (Doc. 27). The Court heard argument on all pending motions July 22, 2013 and now **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's motion to file her third amended complaint.

The operable complaint is Plaintiff's second amended complaint (Doc. 20) with three counts: (I) a Title VII and 42 U.S.C. § 1981 claim against Defendant Neher; (II) a 42 U.S.C. § 1983 claim against Defendant Neher; and (III) a 740 ILCS 23/5 Illinois Civil Rights Act ("ICRA") claim against Defendants Trustees and Neher. For the reasons Defendant states in the pending motion to dismiss, the Title VII and Illinois Civil Rights Act claims against Defendant Neher are dismissed. Defendant Neher cannot be sued under Title VII, so the Title VII component of count one is out. *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer"). Count three against Defendant Neher also goes, because only units of State, county, and local government in Illinois--not individuals—are viable defendants under ICRA. 740 ILCS 23/5. Additionally, as discussed at the July 22 hearing, Plaintiff's ICRA claim as against Defendant Trustees is dismissed. That claim was not included in the original complaint (Doc. 2) and is thus outside of the 90 day statute of limitations. The late-brought claim does not relate-back here. *See Lee v. Cook County, Illinois,* 635 F.3d 969, 972 (7th Cir. 2011) ("District judges lack authority to extend statutory periods of limitations."). Therefore, the ICRA claim, count three, is dismissed in its entirety.

This leaves only the 42 U.S.C. § 1981 claim against Defendant Neher and the 42 U.S.C. § 1983 claim for compensatory damages against Defendant Neher (the additional § 1983 claims for relief against Defendant Neher cannot go forward as Judgment on them would clearly be borne by the State, *see Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003)). These two claims alone survive Defendant's motion to dismiss. Plaintiff's third motion to amend the complaint is **DENIED**. Defendants filed their opposition to the motion to amend (Doc. 30), and the Court credits Defendants' argument that they will be prejudiced by responding, yet again, to an inartfully drawn complaint (Doc. 31-1). Plaintiff is already on her third attempt to state claims, and that will have to suffice. The § 1981 claim and § 1983 claim for compensatory damages against Defendant Neher are all that remain.[1]

**IT IS SO ORDERED.**

**DATED**: July 24, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] At the July 22, 2013 hearing, the Court mistakenly told counsel that all of Plaintiff's claims were dismissed at this stage. But Defendants had not moved for dismissal on the § 1981 and § 1983 claims against Defendant Neher.